**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

FILED BY ___ D.C.
OCT 0 2 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**BOBBY JOE ROY,**

Plaintiff,

Case No. ____________________

v.

**COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**CAPITAL ONE, NATIONAL ASSOCIATION,**

Defendant.

**JURY TRIAL DEMANDED**

______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Bobby Joe Roy, appearing pro se, sues Defendant Capital One, National Association ("Capital One") for negligent and, in the alternative, willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and alleges as follows. Allegations concerning Plaintiff's residence, his dispute, and the credit denial he received are made on personal knowledge. Allegations concerning

communications between Experian and Capital One, Capital One's internal investigation, and causation are made on information and belief, for the reasons stated where those allegations appear.

## I. NATURE OF THE ACTION

1. This is an action against a furnisher of credit information. Plaintiff disputed, in writing and with specificity, the delinquency and charge-off chronology that Capital One was reporting to Experian on a Capital One credit card account. Experian forwarded the dispute to Capital One. Capital One responded by changing some of the monthly payment-history entries, which demonstrates that the information it had been reporting was not accurate as originally furnished, but it left in place the June 2025 charge-off chronology that Plaintiff had specifically challenged and that conflicts with the February 2025 charge-off chronology Capital One was simultaneously reporting to TransUnion for the same account.

2. The FCRA required Capital One, upon notice of the dispute, to conduct a reasonable investigation, to review all relevant information Experian provided, and, if the disputed information was inaccurate, incomplete, or could not be verified, to correct it or delete it. 15 U.S.C. § 1681s-2(b)(1)(A)–

(E). Plaintiff alleges that Capital One did not do so, and that he was denied credit while the uncorrected information remained on his Experian file.

## II. JURISDICTION AND VENUE

3. This action arises under the FCRA, 15 U.S.C. § 1681s-2(b), and seeks relief under 15 U.S.C. §§ 1681n and 1681o. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1681p, which provides that an action to enforce liability under the FCRA "may be brought in any appropriate United States district court, without regard to the amount in controversy."

4. This action is timely under 15 U.S.C. § 1681p. The dispute was mailed on or about July 29, 2026, and the conduct complained of occurred in or after August 2026, within two years of the filing of this Complaint.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here: Plaintiff resided in Homestead, Miami-Dade County, Florida, when he sent the dispute, when the disputed information was verified and re-reported, and when he was denied credit. Capital One is also subject to personal jurisdiction in this District because it furnishes consumer information concerning Florida

residents, including Plaintiff, and is therefore deemed to reside here for venue purposes under 28 U.S.C. § 1391(c)(2).

## III. PARTIES

6. Plaintiff Bobby Joe Roy is a natural person residing at 32363 SW 205th Ave, Homestead, Florida 33030-2616. He is a "consumer" as that term is used in the FCRA, and he is the consumer identified in the Experian reports and dispute letter described below. (July 29, 2026 dispute letter, p. 2.)

7. Defendant Capital One, National Association is a national banking association. Capital One's Form 8-K dated October 3, 2022 states that Capital One Bank (USA), National Association merged into Capital One, National Association effective October 1, 2022. (Form 8-K, Item 8.01.) Both Experian reports identify the furnisher of the disputed account as "CAPITAL ONE." (July 20, 2026 Experian report, p. 10; September 28, 2026 Experian report, p. 6.) On information and belief, based on those reports and the merger disclosure, Capital One, National Association is the entity that furnished, and continues to furnish, the disputed information to Experian and is a "person" that furnishes information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2.

8. Experian Information Solutions, Inc. ("Experian") and TransUnion LLC ("TransUnion") are consumer reporting agencies that received account information from Capital One. Neither is a defendant in this action.

## IV. FACTUAL ALLEGATIONS

### *A. The Capital One account*

9. The disputed account is an individual Capital One credit card account reported as opened August 25, 2007, with a $2,250 credit limit and a $2,476 balance. (July 20, 2026 Experian report, p. 10.)

10. Capital One is the original creditor on the account. As the original creditor, Capital One possesses the account's complete payment, delinquency, and charge-off records, and is the only party in a position to determine from those records the month in which the account first became delinquent and the month in which it was charged off.

### *B. The July 20, 2026 Experian report*

11. Plaintiff's Experian report dated July 20, 2026 showed the account as current for December 2024, 30 days past due for January 2025, 60 days past due for each month from February 2025 through May 2025, and charged off beginning June 2025. It listed August 2031 as the scheduled removal month. (July 20, 2026 Experian report, p. 10.)

12. At the same time, according to Plaintiff's TransUnion file, Capital One was reporting the same account to TransUnion as first delinquent in December 2024, charged off beginning February 2025, closed February 3, 2025, and scheduled for removal in November 2031. (July 29, 2026 dispute letter, p. 2, item 1.)

13. A single account cannot have been charged off both in February 2025 and in June 2025, and an account that has been charged off cannot simultaneously be merely 60 days past due. The two chronologies Capital One was furnishing for the same account are irreconcilable, and at least one of them is inaccurate.

### *C. Plaintiff's specific written dispute*

14. On July 29, 2026, Plaintiff sent Experian a written dispute by USPS certified mail, tracking number 9214 8901 4298 0491 8754 92. The dispute identified Experian Report No. 0553-6624-20 and specifically challenged the Capital One delinquency history, the charge-off history, and the scheduled removal date. (July 29, 2026 dispute letter, pp. 1–2.)

15. The dispute was not a generic assertion that the account was "not mine" or "inaccurate." It identified the precise conflict between Experian's 60-days-past-due ratings for February through May 2025 and the charge-off history Capital One was reporting to TransUnion for those same months, and it set

out the TransUnion chronology month by month. (July 29, 2026 dispute letter, p. 2, item 1.)

16. The dispute asked Experian to obtain from Capital One the verified date of first delinquency and the actual charge-off date; to correct the monthly ratings, status date, and scheduled removal date to the verified information; and to delete any information that could not be verified. (July 29, 2026 dispute letter, p. 2, item 1.)

17. The dispute expressly asked Experian to forward the dispute and its stated grounds to the furnisher. (July 29, 2026 dispute letter, p. 5.)

***D. Experian's notice to Capital One and Capital One's response***

18. Approximately 30 days after the dispute, Experian reported to Plaintiff that the Capital One account had been "verified." Plaintiff alleges this from personal knowledge.

19. Plaintiff's Experian report dated September 28, 2026 states that the Capital One account was previously in dispute and that the investigation was complete, "as reported by the data furnisher." (September 28, 2026 Experian report, p. 6.)

20. On information and belief, Experian notified Capital One of Plaintiff's dispute and transmitted the substance of the dispute to Capital One, and Capital One

responded to Experian. This allegation rests on (a) the specific dispute Plaintiff sent to Experian; (b) Experian's report to Plaintiff that the account was verified; (c) the September 28, 2026 notation attributing the completed investigation to the data furnisher; and (d) the fact that the monthly payment-history entries for the account changed after the dispute, which could occur only if the furnisher re-reported the account. The transmission records and Capital One's investigation response are in the exclusive possession of Experian and Capital One.

21. After the reinvestigation, the September 28, 2026 Experian report shows the account as 30 days past due for December 2024 and "ND" (no data) for each month from January 2025 through May 2025. It continues to show charge-offs beginning June 2025 and a status-update month of June 2025. (September 28, 2026 Experian report, p. 6.)

22. The changes Capital One made confirm that the information it originally furnished was inaccurate: December 2024, which had been reported as current, is now reported as 30 days past due, and the January through May 2025 ratings that Plaintiff challenged were withdrawn and replaced with "no data." Capital One therefore had, and consulted, information showing that its prior reporting of the delinquency chronology was wrong.

23. Capital One nevertheless left the June 2025 charge-off start date in place, even though (a) Plaintiff had specifically identified that date as inconsistent with the February 2025 charge-off Capital One was reporting to TransUnion; (b) Capital One's own records necessarily show a single charge-off date; and (c) Capital One's withdrawal of the January–May 2025 ratings left it reporting an account that went from 30 days past due in December 2024 to charged off in June 2025 with no reported history in between. Plaintiff alleges that the resulting chronology is inaccurate or, at a minimum, materially misleading in a way that would affect a lender's assessment of the account. (July 29, 2026 dispute letter, p. 2; September 28, 2026 Experian report, p. 6.)

24. On information and belief, Capital One did not report to TransUnion, or to any other consumer reporting agency, any correction reconciling the conflicting chronologies, as 15 U.S.C. § 1681s-2(b)(1)(D) requires when an investigation finds information incomplete or inaccurate.

25. The reported balance and past-due amount remained $2,476 after the reinvestigation. Plaintiff's dispute concerned the historical delinquency and charge-off chronology and did not assert that the balance was incorrect. (July 29, 2026 dispute letter, p. 2; September 28, 2026 Experian report, p. 6.)

### *E. Denial of credit and resulting harm*

26. On September 16, 2026, after the reinvestigation and while the uncorrected chronology remained on Plaintiff's Experian file, American Express denied Plaintiff's application for a credit card. Plaintiff alleges this from personal knowledge.

27. On information and belief, the Capital One information furnished to Experian, including the inaccurate or materially misleading charge-off chronology, was a factor in the denial. This allegation is based on Plaintiff's account of the denial and its timing relative to the dispute and reinvestigation, and will be confirmed through the adverse-action notice and discovery.

28. As a direct result of Capital One's conduct, Plaintiff has suffered actual damages, including the loss of the credit opportunity he applied for, in an amount to be proven at trial.

29. Capital One's inaccurate reporting was disseminated to at least one third party, American Express, in connection with a credit decision, and continues to be available to any lender that obtains Plaintiff's Experian report.

## V. COUNT I — NEGLIGENT NONCOMPLIANCE WITH 15 U.S.C. § 1681S-2(B)

*(15 U.S.C. § 1681o)*

30. Plaintiff incorporates paragraphs 1 through 29 as if fully set forth here.

31. Capital One is a person that regularly furnishes information relating to consumers to consumer reporting agencies, and it furnished the disputed information to Experian.

32. Upon receiving notice from Experian of Plaintiff's dispute, Capital One was required to "conduct an investigation with respect to the disputed information," to "review all relevant information provided by the consumer reporting agency," to "report the results of the investigation to the consumer reporting agency," and, if the information was found to be inaccurate, incomplete, or unverifiable, to report those results to all other consumer reporting agencies to which it furnished the information and to promptly modify, delete, or permanently block the item. 15 U.S.C. § 1681s-2(b)(1)(A)–(E). These duties are enforceable by a consumer in a private action. 15 U.S.C. § 1681s-2(c)(2); 15 U.S.C. §§ 1681n, 1681o.

33. The investigation required by § 1681s-2(b) must be a reasonable one. In this Circuit, "when a furnisher does not already possess evidence establishing that an item of disputed information is true, § 1681s-2(b) requires the furnisher to seek out and obtain such evidence before reporting the information as 'verified.'" *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016) (slip op. at 16). What is reasonable depends in part on the furnisher's

status and "on the quality of documentation available to the furnisher." *Id.* (slip op. at 14).

34. Capital One breached these duties. Plaintiff alleges, on information and belief, that Capital One negligently failed to conduct a reasonable investigation of the specifically disputed charge-off chronology, in that it did not reconcile the June 2025 charge-off date it was reporting to Experian against the February 2025 charge-off date it was reporting to TransUnion or against the account's own payment and charge-off records, even though those records were in its possession as the original creditor.

35. This allegation rests on the following facts: (a) the dispute identified the exact discrepancy and the months involved; (b) Capital One's response changed the December 2024 and January–May 2025 entries, showing that it had access to information contradicting its prior reporting; (c) despite that access, Capital One re-reported the June 2025 charge-off chronology unchanged; and (d) Capital One did not report the information as unverifiable or delete it, which were its alternatives under § 1681s-2(b)(1)(E) if it could not verify the date.

36. Capital One further breached 15 U.S.C. § 1681s-2(b)(1)(D) and (E) by failing, after its investigation revealed that its prior reporting was inaccurate or incomplete, to reconcile and correct the chronology it was reporting to Experian and to all other consumer reporting agencies.

37. As a result of Capital One's negligent noncompliance, Plaintiff suffered the actual damages described in paragraphs 26 through 29, including the denial of credit by American Express on September 16, 2026.

38. Plaintiff is entitled to recover his actual damages and the costs of this action under 15 U.S.C. § 1681o(a)(1)–(2), together with reasonable attorney's fees if Plaintiff retains counsel.

## VI. COUNT II — WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681S-2(B)

*(15 U.S.C. § 1681n — pleaded in the alternative)*

39. Plaintiff incorporates paragraphs 1 through 29 as if fully set forth here.

40. In the alternative to Count I, Plaintiff alleges, on information and belief, that Capital One's failure to comply with 15 U.S.C. § 1681s-2(b) was willful, in that Capital One either knowingly re-reported a charge-off chronology it had reason to know was inaccurate, or acted in reckless disregard of its statutory duty to reasonably investigate and correct disputed information.

41. This allegation rests on the same facts set out in paragraphs 34 and 35, and in particular on the fact that Capital One's reinvestigation changed the very months adjacent to the disputed charge-off date, which demonstrates that Capital One reviewed the account history and had the information necessary

to determine the correct charge-off date, yet left the disputed date unchanged and reported the account as verified.

42. Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000, such punitive damages as the Court may allow, and the costs of this action, under 15 U.S.C. § 1681n(a)(1)(A), (a)(2), and (a)(3), together with reasonable attorney's fees if Plaintiff retains counsel.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Bobby Joe Roy respectfully requests that the Court enter judgment in his favor and against Defendant Capital One, National Association, and award:

A. Actual damages under 15 U.S.C. § 1681o(a)(1) for Capital One's negligent violation of 15 U.S.C. § 1681s-2(b);

B. In the alternative, actual damages or statutory damages of not less than $100 and not more than $1,000 under 15 U.S.C. § 1681n(a)(1)(A), and punitive damages under 15 U.S.C. § 1681n(a)(2), for Capital One's willful violation of 15 U.S.C. § 1681s-2(b);

C. The costs of this action under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), and reasonable attorney's fees under those provisions if Plaintiff retains counsel;

D. Such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated:

Respectfully submitted,

**Bobby Joe Roy**

Plaintiff, pro se

32363 SW 205th Ave

Homestead, FL 33030-2616

Telephone:

Email: mgap.roy@gmail.com